ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED U.S. DISTRICT COURT 2009 SEP 24 PM 1:39 CLERK SO. DIST. OF GA.

| | |
|---|---|
| RODAGUS MARILENTO THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-133 |
| ) | (Formerly CR 106-130) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodagus Marilento Thomas, an inmate currently confined at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On October 13, 2006, Petitioner was charged in an information with four counts of fraudulent use of an access device, in violation of 18 U.S.C. § 1029(a)(5) (counts 1 through 4 of the information), and four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (counts 5 through 8 of the information). See United States v. Thomas, CR 106-130, doc. no. 5 (S.D. Ga. Oct. 13, 2006) (hereinafter "CR 106-130"). Attorney Stephen

E. Curry was appointed to represent Petitioner (see CR 106-130, doc. no. 2), and pursuant to a negotiated plea agreement, Petitioner pled guilty to all counts of the information on October 20, 2006. Id., doc. no. 12.[1] The plea agreement contained an express appeal waiver provision, which stated in pertinent part as follows:

> The defendant, as part of this agreement . . . expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the guideline range . . . .

Id., doc. no. 11, pp. 5-6.

At the Rule 11 colloquy, the Honorable Dudley H. Bowen, Jr., United States District Judge, asked Petitioner whether he had any difficulty reading and understanding the plea agreement, and Petitioner responded, "No, sir, I did not." Id., doc. no. 25, p. 4 (hereinafter "Rule 11 Tr."). Judge Bowen further inquired whether he had been afforded enough time to discuss and prepare his case with his attorney, to which Petitioner responded affirmatively. Id. at 5. Petitioner also informed Judge Bowen that he was "entirely satisfied" with his attorney's representation and handling of his case. Id.

---

[1] In exchange for Petitioner's guilty plea, the government agreed not to object to a recommendation from the Probation Office that Petitioner receive up to a 3-level reduction for acceptance of responsibility under the U.S. Sentencing Guidelines. CR 106-130, doc. no. 11, p. 3. The government also agreed to consider filing a motion for downward departure if it found, "in its sole discretion," that Petitioner rendered substantial assistance in other pending investigations. Id. at 4.

Judge Bowen went on to summarize the relevant portions of Petitioner's plea agreement as follows:

> You have agreed to waive any right to appeal or to make any collateral attack with respect to any sentence that I impose in your case or habeas corpus right to challenge the fact of your conviction. That is a conditional waiver[,] and it means that you have agreed to give up your habeas corpus right to attack the fact of your conviction, but if for some reason I were to impose a sentence in your case that went above the Sentencing Guideline range[,] you would get your right to file a direct appeal back, but not any habeas corpus rights back.

Id. at 12. Judge Bowen then asked Petitioner if the summary was in accordance with Petitioner's understanding of the agreement, to which Petitioner responded, "Yes, sir." Id. at 14.

James L. Wilson, a postal inspector with the United States Postal Service, then testified to the factual basis for Petitioner's guilty plea. Id. at 15-17. Petitioner stated that he had no objection to Mr. Wilson's testimony, and Judge Bowen accepted Petitioner's plea of guilty, which was duly entered. Rule 11 Tr., pp. 22-23; see also CR 106-130, doc. no. 12. Petitioner was later sentenced to a total of 126 months of imprisonment, specifically, 30 months on counts 1 through 4 of the information, to be served concurrently, and 24 months on counts 5 through 8, to be served consecutively to each other and consecutively to the sentence imposed for counts 1 through 4. Id., doc. no. 17, p. 2. Petitioner was also sentenced to a term of supervised release, charged an $800.00 special assessment, and ordered to pay restitution in the amount of $38,127.62. Id. at 3, 5.

Following an unsuccessful appeal, see United States v. Thomas, 270 Fed. App'x 809 (11th Cir. 2008) (*per curiam*), Petitioner filed the instant § 2255 motion,[2] in which he asserts the following claims for relief:

(1) counsel was ineffective for:

    (a) failing to advise him of the consequences of the appeal waiver;

    (b) failing to argue at sentencing that the government "breached" the plea agreement by not filing a motion for a downward departure from the U.S. Sentencing Guidelines;

    (c) failing to object that the sentencing court impermissibly imposed consecutive sentences and sentenced Petitioner outside the advisory range of the U.S. Sentencing Guidelines; and

(2) Petitioner was denied counsel of his choice for his sentencing.[3]

(Doc. no. 1, pp. 4-6). Petitioner also requests an evidentiary hearing to resolve these matters. (Id. at 13). Respondent submits that Petitioner's claims are either barred by his appeal

---

[2] The Court notes that Petitioner also filed a petition for a writ of certiorari to the United States Supreme Court and filed this § 2255 motion while the petition was still pending. (See doc. no. 1, p. 2). Accordingly, the Court originally recommended that the § 2255 motion be dismissed as premature. (See doc. no. 2, p. 3). However, Petitioner responded in his objections to the recommendation that the Supreme Court had denied his petition for a writ of certiorari. (See doc. no. 4); see also Thomas v. United States, 129 S. Ct. 245 (2008). Accordingly, the Court vacated its recommendation and directed Respondent to answer the allegations in Petitioner's § 2255 motion. (See doc. no. 5).

[3] As discussed in further detail in note 5 below, Petitioner's claim that he was denied counsel of choice relates to his sentencing. Indeed, the difficulties encountered between Petitioner and Mr. Curry did not arise until after Petitioner entered his guilty plea and the Pre-Sentence Investigation Report was prepared. Moreover, at an *ex parte* hearing conducted by the undersigned on December 27, 2006, Mr. Curry specifically stated that he and Petitioner had come to disagree on issues related to sentencing. See CR 106-130, doc. no. 40, pp. 3-4. Thus, the Court construes this claim as one related to Petitioner's sentencing.

4

waiver or otherwise without merit. (See generally doc. no. 15). The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

In regard to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that Petitioner's claims are barred from review or otherwise affirmatively contradicted by the record. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

5

B.  **Effect of Waiver Contained in the Plea Agreement**

1.  **Knowing and Voluntary Nature of Waiver**

It is well-settled that a waiver of appeal[4] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333.

Thus, if the government meets the burden in the instant case, the following claims are barred from review: claim (1)(b), that counsel was ineffective at sentencing for failing to argue that the government "breached" the plea agreement; claim (1)(c), that counsel was ineffective for failing to object to the alleged unreasonable sentence imposed by the district court; and claim (2), that Petitioner was denied counsel of choice for his sentencing. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

---

[4]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993). Moreover, case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Id.; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

6

Here, the plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence[5] or the knowing and voluntary nature of his guilty plea. See CR 106-130, doc. no. 11, pp. 5-6 ("The defendant . . . expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea . . . ."). Judge Bowen specifically asked Petitioner whether he had any difficulty reading and understanding the plea agreement, to which Petitioner responded, "No, sir, I did not." Rule 11 Tr., p. 4. Judge Bowen later reviewed the waiver provisions at the Rule 11 colloquy, and

---

[5]The fact that Petitioner has attempted to challenge his sentence under the guise of an ineffective assistance of counsel claim does not change this result. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." (citations omitted)).

Moreover, as alluded to in note 4 above, the Court also construes Petitioner's claim that he was denied counsel of choice as a challenge to his sentence. Mr. Curry was appointed to represent Petitioner at the outset of the case (see CR 106-130, doc. no. 2), but the difficulties encountered between Petitioner and Mr. Curry did not arise until after Petitioner entered his guilty plea and the Pre-Sentence Investigation Report was prepared. At the *ex parte* hearing on December 27, 2006, Mr. Curry specifically stated that he and Petitioner now "differed on . . . the strategy to pursue regarding the remainder of the case *and sentencing.*" CR 106-130, doc. no. 40, pp. 3-4 (emphasis added). Thus, it appears that Petitioner is alleging that if he had not been denied counsel of choice, his sentence would have been different. Accordingly, the Court determines that this claim is covered by his appeal waiver.

However, even if the Court were to find that this claim survived Petitioner's appeal waiver, it is without merit. As the basis for his "counsel of choice" claim, Petitioner states that he "requested that the court allow him the opportunity to obtain counsel of his choosing" and that this request was denied. (Doc. no. 1, p. 4). The record conclusively refutes this contention. After Petitioner represented at the December 27th hearing that he wished to retain new counsel on his own, the undersigned in fact granted Petitioner permission to do so and simply directed Mr. Curry to continue to represent Petitioner "until such time as another lawyer files a Notice of Appearance in this case." Id. at 12, 18. Petitioner never hired another attorney, but it cannot be said that he was not given the opportunity to do so. Thus, even if Petitioner's "counsel of choice" claim was not barred by his appeal waiver, it fails on the merits.

7

Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Id. at 12, 14.

Thus, the record before the Court demonstrates that the appeal waiver was knowing and voluntary. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, the Court concludes that the appeal waiver is valid and that claims (1)(b), (1)(c), and (2), described above, are barred from review. Of course, the Court is aware that Petitioner has also challenged the assistance of counsel in entering into the plea agreement, a claim which, if found to have merit, would cast doubt on whether Petitioner validly waived his right to collateral attack of his sentence. However, as discussed below, the Court determines that this claim lacks merit, thus supporting the conclusion that Petitioner validly waived his right to a collateral post-conviction attack of his sentence.

### 2. Remaining Claim Not Barred by Appeal Waiver

Notwithstanding the above analysis, Petitioner's claim (1)(a), that counsel was ineffective for failing to advise him of the consequences of the appeal waiver, is not barred from review because, under certain circumstances, ineffective assistance of counsel claims can survive a valid waiver. In particular, the Eleventh Circuit recognizes that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005);

8

see also Vaca-Ortiz, 320 F.Supp.2d at 1365 ("[T]he court notes that a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver."). Here, Petitioner's claim that counsel was ineffective for failing to advise him of the consequences of the appeal waiver is not barred from review because Petitioner alleges that had he known of the consequences of such a waiver, he would not have pled guilty pursuant to the negotiated plea agreement, but instead he would have entered an "open plea," without a plea agreement. (Doc. no. 1, p. 4). Accordingly, Petitioner has challenged counsel's assistance in entering or negotiating the plea, and thus this claim is not barred from review.

That said, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Strickland, 466 U.S. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea,

9

the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d

10

1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claim, see Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990), the Court will review the merits of Petitioner's claim that counsel failed to advise him of the consequences of the appeal waiver.

Here, the record conclusively refutes Petitioner's claim that counsel failed to advise Petitioner of the consequences of the appeal waiver. As noted above, the plea agreement signed and verified by Petitioner set forth as a condition of his plea agreement that he would be giving up his rights to appeal or collaterally attack his sentence or to challenge the knowing and voluntary nature of his guilty plea. CR 106-130, doc. no. 11, pp. 5-6. Furthermore, Petitioner represented at the Rule 11 colloquy that he was able to read and understand the plea agreement. Rule 11 Tr., p. 4. After Judge Bowen had summarized the relevant portions of the plea agreement, Petitioner affirmed that the summary was in accordance with his understanding of the agreement. Id. at 12, 14.

Thus, Petitioner's claim that counsel failed to advise him of the consequences of his appeal waiver is refuted by the record. As noted above, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Furthermore, even if counsel did not explain the consequences of the appeal waiver to Petitioner, no prejudice inured to him as a result because Judge Bowen explained those consequences at

11

the Rule 11 colloquy prior to accepting his guilty plea. The Court also notes Petitioner's admission that he has suffered no prejudice, when he states that even if he had entered an open plea (which he alleges he would have done but for counsel's alleged error), "he could not have received a sentence greater than the 126 month term he is currently serving." (Doc. no. 1, p. 23). In sum, the record conclusively refutes Petitioner's claim that counsel failed to advise him of the consequences of the appeal waiver, as Petitioner represented in both his plea agreement and his statements to Judge Bowen that he had been advised of consequences of the appeal waiver. Moreover, if counsel failed to advise him of those consequences, Petitioner suffered no prejudice as a result for the reasons noted above. Accordingly, this claim of ineffective assistance of counsel fails.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 24th day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE